[Cite as *State v. Prophet*, 2015-Ohio-4997.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-875 |
| v. | : | (C.P.C. No. 14CR-0489) |
| James Prophet, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 3, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor,* for appellee.

*Yeura R. Venters,* Public Defender, and *Emily L. Huddleston,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, James Prophet, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to guilty plea, of one count of failure to provide notice of change of address, in violation of R.C. 2950.05. Because (1) the trial court did not abuse its discretion in failing to sua sponte order a competency evaluation, and (2) the record does not demonstrate that defendant was deprived of constitutionally effective trial counsel, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Defendant was indicted on January 28, 2014, for one count of failure to provide notice of change of address, a felony of the third degree. The indictment alleged that defendant was convicted of rape and gross sexual imposition in 1988, and as such

was thus a registered sex offender with reporting obligations. The indictment alleged that, from November 26, 2013 to January 18, 2014, defendant failed to notify the sheriff of his change in address, and/or failed to register his new address with the sheriff at least 20 days prior to changing his address.

{¶ 3}   On July 29, 2014, defendant filed a pro se, handwritten motion to appoint a new attorney. Defendant asserted in the motion that his trial counsel was not communicating with him regarding the merits of the case and had refused to accept information from defendant. Defendant attached several documents to the motion.

{¶ 4}   On September 8, 2014, defendant entered a plea of guilty to the sole count of the indictment. Although defendant answered nearly all of the questions during the plea colloquy correctly and appropriately, he made one minor mistake. When the court asked defendant how old he was, defendant said "30 -- 37 years old, ma'am." (Plea Tr., 4.) Defendant was 57-years-old at the time of the plea hearing.

{¶ 5}   Despite this misstatement, defendant specifically affirmed during the plea colloquy that he understood the nature of the charges against him, and that he and his attorney had talked about the facts of the case, the strengths and weaknesses of the case, and the available defenses. Defendant also affirmed that he understood that the decision of whether to go to trial or plead guilty was completely up to him, and assured the court that no one had threatened him or promised him anything to induce him to change his plea. The court advised defendant of all of his constitutional rights, and the court concluded that defendant had "made a knowing, intelligent, and voluntary waiver of those rights," and that defendant "underst[ood] the nature of the charges, [and] the effect of the guilty plea." (Plea Tr., 9.) As such, the court accepted defendant's plea and found him guilty.

{¶ 6}   At the October 1, 2014 sentencing hearing, the state asked the court to impose a prison sentence. The state noted that defendant had "continued felony criminal conduct" since his 1988 rape conviction, as he had a "possession of cocaine conviction in 2009," and a similar failure to register conviction "back in February of 2013." (October 10, 2014 Tr., 2.) Defense counsel noted that defendant had mental health issues, and informed the court that there was "documentation of [defendant's] mental health issues." (October 1, 2014 Tr., 4.) Defense counsel stated that she had known defendant for "almost

a year now when he was going to Southeast [Community Mental Health center] and worked in his program," and told the court that defendant was "polite and cooperative and totally aware of what he has to do." (October 10, 2014 Tr., 3.) Defense counsel asked the court to place defendant on intensive supervision.

{¶ 7}  The court reminded defendant that his obligation to register as a sex offender was a "continuing duty," and stated that, "under all the circumstances, * * * I'm going to put [defendant] on probation." (October 1, 2014 Tr., 7.) The court sentenced defendant to three years of community control with intensive specialized sex offender supervision. Part of defendant's community control sanctions included that he continue treatment at Southeast Community Mental Health center, and that he comply with all of his sex offender registration requirements.

## II. ASSIGNMENTS OF ERROR

{¶ 8}  Defendant appeals, assigning the following errors for our review:

> [I.] Mr. Prophet was denied effective assistance of counsel as guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution and as such he was unable to enter a knowing and voluntary plea and was prejudiced as a result.
>
> [II.] The trial court erred by failing to sua sponte order a competency evaluation prior to accepting a guilty plea from Mr. Prophet or sentencing Mr. Prophet, thus depriving him the right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution and Section 16, Article 1 [sic] of the Ohio Constitution.

{¶ 9}  For ease of discussion, we will address defendant's second assignment of error first.

## III. SECOND ASSIGNMENT OF ERROR – COMPETENCY EVALUATION

{¶ 10} Defendant's second assignment of error asserts that the trial court erred by failing to sua sponte order a competency evaluation to determine whether defendant was competent enough to enter his guilty plea.

{¶ 11} Consistent with the notion of fundamental fairness and due process, a criminal defendant who is not competent to stand trial may not be tried or convicted. *See Pate v. Robinson,* 383 U.S. 375, 377 (1966); *State v. Berry*, 72 Ohio St.3d 354, 359

(1995). The United States Supreme Court set forth the test to determine whether a defendant is competent to stand trial, stating that "* * * the 'test must be whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him.' " *Dusky v. United States*, 362 U.S. 402 (1960). "The competency standard for standing trial is the same as the standard for pleading guilty." *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, ¶ 57.

{¶ 12} The right to a hearing on the issue of competency rises to the level of a constitutional guarantee where the record contains "sufficient indicia of incompetence," such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial. *See Drope v. Missouri*, 420 U.S. 162 (1975); *Pate*; and *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). Thus, the failure to hold a competency hearing is harmless error when the record does not reveal sufficient indicia of incompetence. *State v. Eley*, 77 Ohio St.3d 174, 183-84 (1996). *See also State v. Hall*, 4th Dist. No. 99CA847 (Feb. 25, 2000), citing *State v. Brookins*, 8th Dist. No. 73345 (Oct. 1, 1998).

{¶ 13} A defendant is presumed competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent. *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, ¶ 28; *State v. Scurlock,* 2d Dist. No. 2002-CA-34, 2003-Ohio-1052, ¶ 77; R.C. 2945.37(G). If either the court or counsel raise the issue of a defendant's competency before trial has commenced, "the court shall hold a hearing on the issue." R.C. 2945.37(B). If the issue is raised after trial has commenced, the court need only hold a hearing on the issue "for good cause shown." *Id.*

{¶ 14} We review a trial court's decision of whether to sua sponte order a competency evaluation for an abuse of discretion. *State v. Smith*, 89 Ohio St.3d 323, 330 (2000). "When reviewing the trial court's decision on whether to conduct a competency hearing *sua sponte*, an appellate court should give deference to the trial court since it was able to see and hear what transpired in the courtroom." *State v. Shepherd*, 3d Dist. No. 16-09-03, 2009-Ohio-3317, ¶ 9, citing *Smith* at 330. *See also State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 157, quoting *State v. Cowans*, 87 Ohio St.3d 68, 84 (1999). In determining whether to sua sponte conduct a competency

hearing, the trial court should consider the following factors: doubts expressed by defense counsel as to a client's competency, evidence of irrational behavior, the defendant's demeanor, and any prior medical opinions concerning the defendant's competency. *State v. Draughn*, 76 Ohio App.3d 664, 669 (5th Dist.1992).

{¶ 15} Defendant contends that there were "several indications that [he] was having difficulty with understanding." (Appellant's Brief, 20.) Initially, defendant contends that his motion for new counsel and the attached documents amounted to sufficient indicia of his incompetence, as the attached documents "clearly have no relevant meaning to the Motion or to the case." (Appellant's Brief, 20-21.) We disagree.

{¶ 16} The documents attached to the motion for new counsel are not indicative of "bizarre and irrational behavior," as defendant suggests. (Appellant's Brief, 21.) Rather, the documents demonstrate defendant's layman attempt to formulate a defense to the charge. The documents relate to either legal proceedings or to various places defendant has lived. For example, defendant attached a page from the indictment and a document containing his scheduled trial date. Defendant also attached a referral form directing defendant to seek assistance from the legal aid society or the Ohio Military Veteran Legal Assistance Project with respect to his landlord/tenant issue, as well as a complaint from a forcible entry and detainer action. The forcible entry and detainer complaint alleged that defendant had failed to pay rent at a certain residence during June and July 2014. Defendant also submitted the following documents to demonstrate various places he has lived: a letter from the Faith Mission verifying that defendant resided at the shelter in December 2013 and March 2014; a November 16, 2012 letter from Peter Prophet saying that defendant was using Prophet's apartment as a mailing address as defendant was homeless; a November 28, 2012 letter from Chris Prophet similarly stating that defendant was homeless and using his apartment as a mailing address; and a January 20, 2013 letter from an unidentified individual saying that defendant was homeless and using a new address as his mailing address.

{¶ 17} As defendant was charged with failing to provide notice of a change of his address, demonstrating the different addresses he has lived at, his periods of homelessness, and the legal issues he has encountered in maintaining his housing all had some logical relation to the instant case. Defendant also attached a document describing

his sex offender registration duties, and a March 10, 2014 registered sex offender release of information form from the Faith Mission, to the motion, which both relate directly to the charge at issue. Although defendant also attached Kroger receipts and one page from a utility bill, viewing all of the attached documents collectively, they demonstrate that defendant understood the nature of the proceedings against him, and that he had the ability and the desire to assist his attorney in his defense.

{¶ 18} Defendant also asserts that his inability to recall his own age at the plea hearing amounted to sufficient indicia of incompetence. As noted above, at the plea hearing defendant said he was 37-years-old, when he was actually 57-years-old. Defendant fails to explain how his misstating of his age demonstrated that he did not understand the proceedings or how it prevented him from assisting his attorney. *Compare Shepherd* at ¶ 10-12 (defendant's statement that he was unsure if he was a United States citizen did not amount to sufficient indicia of incompetency); *Draughn* at 669 (noting that defendant's insisting on wearing his orange jumpsuit for trial and failing to inform his counsel of an alibi witness until days prior to trial were "insufficient to require inquiry into competency").

{¶ 19} We have reviewed the plea hearing transcript, and aside from misstating his age, defendant answered all of the court's questions at the plea hearing correctly and appropriately, and specifically affirmed that he understood the nature of the charge against him. *See State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, ¶ 38 (noting that the "[d]efendant showed that he understood the proceedings by meaningfully responding to each of the trial court's questions"). Defendant affirmed at the plea hearing that he had fully discussed the case with his attorney, and he indicated no confusion regarding the proceedings. *Compare State v. Hartman*, 174 Ohio App.3d 244, 2007-Ohio-6555, ¶ 18 (finding that there was "sufficient indicia of Hartman's incompetence that the trial court should have sua sponte ordered a competency evaluation" because the defendant's statements during the plea colloquy that he "wanted more time to speak to his attorney and inquiry as to 'what's going on' indicate[d] that he did not understand the proceedings and was not able to reasonably consult with his attorney"). Defendant's misstating his age did not amount to sufficient indicia of legal incompetency.

{¶ 20} Defendant contends that his diagnosed mental illness, and the fact that he was on medications, should have "prompt[ed] an inquiry from the court of his present mental health status to ensure Mr. Prophet [was] competent and understanding the proceedings." (Appellant's Brief, 22.) The PSI indicated that defendant had been diagnosed with mood swings and schizophrenia, and that he was being treated for these conditions while in prison. Defendant was prescribed Cogentin and Seroquel. The PSI also stated that defendant had been receiving mental health treatment since 2012 at the Southeast Community Mental Health center.

{¶ 21} It is now well established, however, that having a mental illness or taking medications to treat a mental illness, does not equate with a finding of legal incompetency. *See Berry* at 362 (noting that "the term 'mental illness' does not necessarily equate with the definition of legal incompetency"); *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 71 (noting that the simple "fact that a defendant is * * * prescribed psychotropic drugs does not negate his competence to stand trial"); *State v. Bock*, 28 Ohio St.3d 108, 110 (1986) (noting that "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel"); R.C. 2945.37(F) (stating that a "court shall not find a defendant incompetent to stand trial solely because the defendant is receiving or has received treatment as a voluntary or involuntary mentally ill patient * * * or because the defendant is receiving or has received psychotropic drugs or other medication"). Accordingly, defendant's documented mental health issues did not amount to sufficient indicia of incompetence.

{¶ 22} Defendant next contends that his statements in the PSI demonstrated that he did not understand the charge. In the PSI, defendant indicated that he believed the charge was the result of a "miscommunication," as the sheriff's office believed defendant was residing at his sister's address, but defendant stated that he "only had her information as his emergency contact information" and that he never lived at his sister's house. (PSI, 8.) These statements do not demonstrate incompetence. Rather, they demonstrate that defendant understood that the charge resulted from his failure to properly register his address, although defendant personally believed that his failure to register his address was the result of a miscommunication between himself and the sheriff's office.

{¶ 23} Defendant further asserts that the events at the sentencing hearing should have caused the court to sua sponte order a competency evaluation. Defendant specifically points to the following exchange between the court and counsel:

MS. GOOCH:  * * * He has accepted responsibility. He is aware of his reporting requirements. Even when he decides to go to the shelter, he knows what he needs to do now.

THE COURT:  I'm sorry, ". . . he knows what he needs to do now"?

MS. GOOCH:  There was some confusion. He keeps his sister's address as a mailing address, and then he was in the shelter for a while and failed to report when he was at the shelter.

THE COURT:  Okay.

(October 1, 2014 Tr., 3-4.)

{¶ 24} Defendant cites to the above exchange and contends that, "[c]learly the court was concerned that Mr. Prophet was having or in the past had difficulties understanding his reporting obligations." (Appellant's Brief, 24.) This exchange does not indicate a concern over defendant's competence. Counsel was merely explaining that defendant failed to file a change of address because he believed that using his sister's address while he stayed at the shelter was acceptable. Counsel's statement indicates that defendant now understood that he needed to file a change of address if he left his sister's residence and started staying at a shelter.

{¶ 25} Defendant next asserts that the court "even went so far as to coach Mr. Prophet on what would not be acceptable to say during allocution by telling him not to ask something silly." (Appellant's Brief, 24.) Regarding allocution, the court informed defendant that he had a right to speak to the court, to tell the court "what you think you want [the court] to know about," but cautioned defendant not to say "something silly, like, you know, who's going to win the next Ohio State game or something." (October 1, 2014 Tr., 6.) Defendant said he had nothing to say, "other than the fact that I've been taking medication for a long time, and I have anxiety problems and nervous problems and

nauseousness, some things that affects me, you know, in making sure I take care of all the things that I have to do in my stipulations." (October 1, 2014 Tr., 6.) The court's statement does not indicate a concern over defendant's competence; rather, it was simply an explanation of the purpose of allocution. Defendant's statement in allocution was topical, as it provided the court with defendant's explanation for why he sometimes had difficulty complying with his sex offender registration requirements.

{¶ 26} After independently reviewing the record, we cannot conclude that it contains sufficient indicia of incompetence such that the trial court abused its discretion by failing to sua sponte order a competency evaluation. The record demonstrates that defendant participated in and understood the proceedings. During the plea and sentencing hearings, defendant engaged in appropriate discussion with the court, agreed to waive his rights, and expressed no confusion or uncertainty. Notably, defense counsel, who stated that she was familiar with defendant and had represented him for an entire year, did not raise an issue as to defendant's competency. *See State v. Spivey*, 81 Ohio St.3d 405, 411 (1998).

{¶ 27} Based on the foregoing, defendant's second assignment of error is overruled.

## IV. FIRST ASSIGNMENT OF ERROR – INEFFECTIVE ASSISTANCE

{¶ 28} In his first assignment of error, defendant contends that his trial counsel rendered ineffective assistance by failing to request a competency evaluation.

{¶ 29} In order to succeed on the claim of ineffective assistance of counsel, defendant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defendant must show that (1) defense counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) that defense counsel's errors prejudiced defendant, depriving him of a trial whose result is reliable. *Id.* To establish that counsel's performance was deficient, defendant must prove that counsel's performance fell below an objective standard of reasonable representation. *State v. Jackson,* 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133. In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the

circumstances the challenged action 'might be considered sound trial strategy.' " *Strickland* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101 (1955).

{¶ 30} To show prejudice, defendant must establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, ¶ 204. The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley,* 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697 (finding " 'there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one' ").

{¶ 31} Defendant asserts that counsel rendered deficient performance by "fail[ing] to investigate the competency and sanity of her client prior to allowing him to enter into a guilty plea." (Appellant's Brief, 11.) However, defendant cites to no evidence to support his contention that counsel failed to investigate defendant's competency. There is no affidavit in the record stating what, if any, steps counsel took to investigate defendant's competency. Indeed, based on the record before us, it is equally plausible that counsel thoroughly investigated defendant's competency and assured herself that defendant was competent.

{¶ 32} It is a "bedrock principle of appellate practice in Ohio * * * that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13. "In determining a claim of ineffective assistance of counsel, our review is limited to the record before this court. It is impossible for a reviewing court to determine on direct appeal whether ineffective assistance of counsel occurred where the allegations of ineffectiveness are based upon evidence outside of the record." *State v. Farwell*, 12th Dist. No. CA2001-03-041 (Apr. 22, 2002), citing *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). Because counsel's investigation into defendant's competency is a matter which is outside of the record of proceedings before this court, it is impossible for this court to review defendant's allegations of ineffectiveness.

{¶ 33} Furthermore, defendant's arguments under this assignment of error simply rehash the same arguments defendant made in his second assignment of error. Defendant cites to the same events which we addressed above, and claims that counsel rendered

deficient performance by failing to request a competency evaluation after each event. For the same reasons that these events do not amount to sufficient indicia of incompetence, they also do not support a finding of deficient performance for counsel's failure to request a competency evaluation based on them.

{¶ 34} Defendant also does not attempt to address the second prong of the *Strickland* analysis, and simply asserts that counsel's failure to investigate his mental health and failure to request a competency evaluation "prejudiced Mr. Prophet and deprived him of his Constitutional rights." (Appellant's Brief, 17.) Defendant does not explain how the outcome of the proceedings would have been different if counsel had requested a competency evaluation. Indeed, there is nothing in this record to indicate that an evaluation would have resulted in a finding that defendant was incompetent to stand trial. The result of any hypothetical competency evaluation is a matter which is outside the record of proceedings before this court. *Compare State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 76 (where defendant alleged that his counsel was ineffective for failing to have certain blood tests conducted, the court noted that "[t]o prove prejudice, he would need to show that the result of a serotonin test would support his case," which would require "proof outside the record, which this court cannot consider on direct appeal").

{¶ 35} Accordingly, as the record fails to demonstrate that defendant's trial counsel rendered constitutionally ineffective representation, defendant's first assignment of error is overruled.

## V. DISPOSITION

{¶ 36} Having overruled defendant's first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J. and DORRIAN, J., concur.

————————————————