[Cite as *State v. Ford*, 2016-Ohio-7495.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 16 CA 04 |
| ROBERT T. FORD, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County Court of Common Pleas

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 24, 2016

APPEARANCES:

For Plaintiff-Appellee

DANIEL G. PADDEN
Guernsey County Prosecuting Attorney
139 West 8th Street
Cambridge, Ohio 43725

For Defendant-Appellant

LINDSEY K. DONEHUE
120 Southgate Parkway
P.O. Box 464
Cambridge, Ohio 43725

*Hoffman, P.J.*

{¶1} Defendant-appellant Robert T. Ford, Jr. appeals his conviction and sentence entered by the Guernsey County Court of Common Pleas. Appellant was indicted on two counts of Felonious Assault with gun specifications, one count of Having Weapons while under Disability, and two counts of Intimidation of a Victim in a Criminal Case.

{¶2} Appellant entered a plea of not guilty by reason of insanity. Following an evaluation, the trial court found Appellant to be competent and further found Appellant was "not able to maintain a plea of not guilty by reason of insanity."

{¶3} Thereafter, pursuant to a plea agreement, Appellant entered a no contest plea to one count of Felonious Assault. As part of the plea agreement, the State agreed to dismiss the remainder of the counts. The State sought a sentence of 7 years, however, Appellant was able to argue a lesser sentence was appropriate. The parties agreed the sentence would be at the discretion of the trial court following a presentence investigation. Further, the parties agreed to the restitution amount to be imposed as part of the sentence.

{¶4} Following the presentence investigation, the trial court sentenced Appellant to a term of 7 years in prison. Appellant filed a timely notice of appeal.

{¶5} Appellate counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating the within appeal is wholly frivolous. Counsel for Appellant has raised one potential assignment of error asking this Court to determine whether the trial court erred

in the sentence imposed upon Appellant.   Appellant was given an opportunity to file a brief raising additional assignments of error, but none was filed.

I.

{¶6}   "THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT."

{¶7}   In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8}   Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738.

{¶9}   We now will address the merits of Appellant's potential Assignment of Error.

I.

{¶10} Revised Code Section 2953.08, Subsection (G)(2) sets forth the appellate court's standard of review for sentences as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶11} Appellant's sentence is not one which was imposed pursuant to the sections cited in subsection (a) above. Therefore, the only review this Court is permitted to make is whether Appellant's sentence was clearly and convincingly contrary to law. The sentence imposed by the trial court was within the statutory sentencing range. We have reviewed the record and do not find the sentence was clearly and convincingly contrary to law.

{¶12} Appellant's proposed assignment of error is overruled.

{¶13} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur