[Cite as *State v. Swiger*, 2017-Ohio-638.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2016 CA 00084 |
| JOHN WILLIAM SWIGER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  2015 CR 00164


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     February 21, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                    DOUGLAS C. BOND
PROSECUTING ATTORNEY            MORELLO & BOND
RONALD MARK CALDWELL          700 Courtyard Centre
ASSISTANT PROSECUTOR            116 Cleveland Avenue, NW
110 Central Plaza South, Suite 510   Canton, Ohio  44702
Canton, Ohio  44702

*Wise, P. J.*

{¶1}    Appellant John Swiger appeals from the revocation of his community control in the Court of Common Pleas, Stark County, stemming from his 2015 two-count felony conviction. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    On February 24, 2015, appellant was indicted by the Stark County Grand Jury on one count of burglary (R.C. 2911.12(A)(2)) and one count of robbery (R.C. 2911.02(A)(1) and/or (A)(2)). According to the trial court documents, appellant was alleged to have entered a home and held a knife to a female victim in order to steal cigarettes. Appellant initially entered a plea of not guilty by reason of insanity to each charge.

{¶3}    The trial court ordered an evaluation of appellant for competency to stand trial. After the evaluation was completed, the trial court conducted a hearing on April 15, 2015. At that time, appellant appeared with counsel and stipulated to the competency report. Upon review of the report, in conjunction with appellant's stipulation, the trial court found that appellant was competent to stand trial. At that time, appellant withdrew his prior pleas and entered pleas of guilty to both of the aforesaid charges. The trial court accepted the pleas and ordered a presentence investigation.

{¶4}    At a subsequent hearing on May 6, 2015, appellant was sentenced to a community control sanction of intensive supervised probation ("ISP"). The court further ordered that it reserved the right, if community control should be revoked, to impose an eight-year prison term on each count, to be served consecutively. The trial court also provided appellant with his post-release control notification.

**{¶5}** About six months later, on November 16, 2015, appellant's ISP officer filed a motion to revoke or modify appellant's community control sanction. The officer alleged that appellant had (1) failed on two occasions to report to ISP as required, (2) failed to complete the HOPE program, (3) failed to complete his required 200 hours of community service, (4) failed to report to the day reporting staff as ordered, and (5) failed to complete the ACCT Team requirements. A hearing on said motion was set for November 25, 2015, but appellant failed to appear at that time. Appellant was thereafter arrested for failure to appear, and an evidentiary hearing went forward on December 18, 2015. At that time, appellant appeared with counsel and stipulated to the probable cause allegation and the violations set forth in the motion to revoke.

**{¶6}** The trial court thereupon revoked community control and sentenced appellant to an aggregate term of six years, finding the two offenses should be merged. A final judgment entry was issued by the trial court on March 22, 2016.

**{¶7}** Appellant filed a notice of appeal on April 21, 2016. Appellate counsel for appellant thereafter filed a conditional motion to withdraw and a brief pursuant to *Anders v. California, infra*, asserting that the within appeal appeared to be frivolous. Counsel for appellant has therein raised two potential assigned errors asking this Court to determine whether the trial court erred in revoking his community control and imposing a prison sentence:

**{¶8}** "I. APPELLANT WAS PREJUDICED AS A RESULT OF THE INEFFECTIVE ASSISTANCE OF HIS COUNSEL DURING THE PROBABLE CAUSE AND SENTENCING HEARING FOR APPELLANT'S COMMUNITY CONTROL VIOLATIONS.

**{¶9}** "II. THE SENTENCE IMPOSED UPON THE APPELLANT WAS TOO SEVERE IN LIGHT OF THE CIRCUMSTANCES THAT THE APPELLANT WAS FACED [SIC] DURING HIS COMMUNITY CONTROL SANCTIONS AND UNDERLYING CONDUCT THAT RESULTED IN THE IMPOSITION OF COMMUNITY CONTROL SANCTIONS."

**{¶10}** Appellant was given an opportunity to file a *pro se* brief raising additional assignments of error, and he has therein asserted as follows:

**{¶11}** "III. UNPROFESSIONALISM BY MY ASSIGNED DEFENSE COUNSEL."

**{¶12}** In *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted: (1) A showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous; (2) a showing that a motion to withdraw has been filed by appellant's counsel; (3) the existence of a brief filed by appellant's counsel raising any potential assignments of error; (4) a showing that appellant's counsel provided to the appellant a copy of said brief; and (5) a showing that appellant's counsel provided appellant adequate opportunity to file a *pro se* brief raising any additional assignments of error appellant believes the appellate court should address. *See State v. Jennings*, 5th Dist. Richland No. 98-CA-24, 1999 WL 547919.

**{¶13}** Pursuant to *Anders,* if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. *Id.* at 744. Once the defendant's counsel satisfies the aforesaid requirements, the appellate court must fully examine the

proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶14} We find appellate counsel in this matter has adequately followed the procedures required by *Anders v. California, supra.*

### I., II., III.

{¶15} Turning to the merits of appellant's and appellant's counsel's aforesaid potential Assignments of Error, the record indicates appellant received a six-year sentence on the single merged robbery offense (felony of the second degree) upon his revocation, even though the trial court had informed him at the 2015 sentencing that he could face up to eight years on each count, with the possibility of consecutive sentences. Appellant was represented by counsel during all pertinent phases of the case. The record of the revocation hearing demonstrates that appellant made a knowing, voluntary, and intelligent waiver of his rights to challenge the revocation and to require the State to produce evidence of his multiple community control violations, and chose instead to stipulate thereto. The six-year prison term thereupon imposed by the trial court was neither a maximum term nor the rendering of consecutive sentences. See R.C. 2929.14(A)(2) and (C)(4).

{¶16} On the proposed issue regarding felony sentencing, because we find appellant's sentence is not one which was imposed pursuant to the statutory subsections cited in R.C. 2953.08(G)(2)(a), we need only review whether appellant's sentence was clearly and convincingly contrary to law per R.C. 2953.08(G)(2)(b). *See State v. Ford*, 5th

Dist. Guernsey No. 16 CA 04, 2016-Ohio-7495, ¶ 11. To the extent required pursuant to statute, we have reviewed the pertinent portions of the record and we find the sentences are within the prescribed sentencing ranges and are not otherwise contrary to law. Furthermore, in light of the stipulations during the revocation hearing, any issues regarding the effectiveness of appellant's public defender representation during such proceedings are not reflected in the record. In determining a claim of ineffective assistance of counsel, our review is limited to the record before us. *See State v. Prophet*, 10th Dist. Franklin No. 14AP–875, 2015-Ohio-4997, ¶ 32.

{¶17} Accordingly, the proposed Assignments of Error are overruled, and, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.
Delaney, J., and
Baldwin, J., concur.


JWW/d 02017