[Cite as *State v. Shepherd*, 2009-Ohio-3317.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# WYANDOT COUNTY

STATE OF OHIO,

   PLAINTIFF-APPELLEE,                            CASE NO. 16-09-03

   v.

TERRY DALE SHEPHERD,                 O P I N I O N

   DEFENDANT-APPELLANT.

---

**Appeal from Wyandot County Common Pleas Court**
**Trial Court No. 08-CR-0065**

**Judgment Affirmed**

**Date of Decision:  July 6, 2009**

---

APPEARANCES:

   *Howard A. Elliott* for Appellant

   *Jonathan K. Miller* for Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Terry Dale Shepherd (hereinafter "Shepherd"), appeals the Wyandot County Court of Common Pleas' judgment of conviction. For the reasons that follow, we affirm.

{¶2} On November 6, 2008, the Wyandot County Grand Jury indicted Shepherd on one count of aggravated murder in violation of R.C. 2903.01(B), an unclassified felony, for the September 28-29, 2008 murder of Claradell J. Keller (D.O.B. 3/20/1930). (Doc. No. 1). On November 7, 2008, Shepherd was arraigned and entered a plea of not guilty. (Nov. 7, 2008 Tr. at 7); (Doc. No. 13). Attorney Robert A. Grzybowski was appointed as Shepherd's counsel. (Doc. No. 13).

{¶3} On December 5, 2008, Shepherd changed his plea to guilty pursuant to a plea agreement. (Dec. 5, 2008 Tr. at 2, 8-9, 14-15); (Doc. Nos. 23, 25).

{¶4} On February 12, 2009, the trial court sentenced Shepherd to life imprisonment without the possibility of parole. The trial court ordered that the sentence be served consecutively to the sentence imposed in Shepherd's other case in Hardin County, Ohio. (Doc. No. 37).

{¶5} On February 18, 2009, Shepherd filed a notice of appeal. (Doc. No. 42). Shepherd now appeals raising two assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**IN LIGHT OF THE MATTERS IN THE RECORD BRINGING INTO QUESTION THE APPELLANT'S COMPETENCY, THERE WAS NO KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY MADE WAIVER OF RIGHTS BY APPELLANT AND THE TRIAL COURT ERRORED [SIC] AS A MATTER OF LAW AND COMMITTED REVERSIBLE ERROR IN ACCEPTING THE PLEA OF GUILTY FROM THE APPELLANT WHEN IT DID NOT CONDUCT A COMPETENCY EVALUATION BEFORE ACCEPTING THE APPELLANTS [SIC] PLEA OF GUILTY.**

**{¶6}** In his first assignment of error, Shepherd argues that the trial court erred in accepting his guilty plea without first conducting a competency evaluation. Specifically, Shepherd argues that the evidence in the record indicated that he had a history of mental health issues and was under the influence of several psychotropic drugs at the time of the change of plea hearing. Shepherd further points to the fact that he was confused over whether he was a U.S. citizen even though he knew he was born in the U.S.

**{¶7}** The State, however, argues that a criminal defendant is presumed competent, and the record does not contain sufficient indicia of incompetency. Furthermore, the State points out that neither the trial court, nor the prosecutor, nor defense counsel raised any issue as to Shepherd's competency during any of the proceedings. The State also argues that the trial court specifically found Shepherd competent, and that his use of medications alone does not render him incompetent.

We agree with the State that the record fails to indicate sufficient indicia of incompetency such that a competency hearing was required.

**{¶8}** A defendant has a constitutional right to a competency hearing only when the record contains "sufficient indicia of incompetence," such that an inquiry into the defendant's competency is necessary to ensure the defendant's right to a fair trial. *State v. Berry* (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433, citations omitted. The test to determine competency to stand trial is whether the defendant "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding[;] and whether he has a rational as well as factual understanding of the proceedings against him.'" *Berry*, 72 Ohio St.3d at 359, quoting *Dusky v. United States* (1960), 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824. However, a defendant is presumed competent to stand trial, and the trial court may not find a defendant incompetent to stand trial solely because he/she is receiving or has received psychotropic drugs or other medication. R.C. 2945.37(G), (F).

**{¶9}** A competency hearing is mandatory under R.C. 2945.37(B) only if the issue of competency is raised prior to trial. *State v. Bekesz* (1991), 75 Ohio App.3d 436, 441, 599 N.E.2d 803. The burden is on the defendant to put forth sufficient evidence to raise the issue. *State v. Bailey* (1992), 90 Ohio App.3d 58, 67, 627 N.E.2d 1078. Whether to conduct a competency hearing *sua sponte* under R.C. 2945.37(B) is left to the trial court's discretion. *State v. Smith* (2000), 89 Ohio St.3d 323, 329, 731 N.E.2d 645. Under those circumstances, appellate

- 4 -

review is limited to whether the trial court abused its discretion. Id. An abuse of discretion is more than an error of law; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When reviewing the trial court's decision on whether to conduct a competency hearing *sua sponte*, an appellate court should give deference to the trial court since it was able to see and hear what transpired in the courtroom. *Smith*, 89 Ohio St.3d at 330.

{¶10} As the State points out, the issue of competency was not raised by any of the parties during the proceedings. At the arraignment, the trial court asked defense counsel, "Mr. Grzybowski, are you satisfied your client's competence [sic] to understand the nature of these proceedings?" (Nov. 7, 2008 Tr. at 5). Defense counsel responded, "Yes, Your Honor," and the trial court made a finding of competency. (Id.). Thereafter, the following colloquy occurred:

> **THE COURT: * * * Are you a citizen of the United States?**
> **MR. SHEPHERD: I -- I don't think so.**
> **THE COURT: You do --**
> **MR. SHEPHERD: I've never registered.**
> **MR. GRZYBOWSKI: No. Are you a citizen of the United States? Were you born here?**
> **MR. SHEPHERD: Yeah.**
> **THE COURT: So you -- you were born in the United States of America?**
> **MR. SHEPHERD: Yes.**
> **THE COURT: The Court will find the defendant to be a U.S. citizen. * * ***

(Id. at 5-6). Thereafter, the trial court asked Shepherd whether he understood the nature of the charges, to which Shepherd responded, "Yes, Aggravated Murder." (Id. at 6). Following these questions, Shepherd entered a plea of not guilty. (Id. at 7). No issue as to competency was raised during the arraignment.

{¶11} At the change of plea hearing, the trial court again inquired into Shepherd's competence and the voluntariness of his change of plea. (Dec. 5, 2008 Tr.). The following discussion occurred:

> **THE COURT: Do you remember the first time you were here at your arraignment and I asked you some questions such as how far you went in school and those kinds of things?**
> **MR. SHEPHERD: Yes.**
> **THE COURT: Since that time, have you suffered from or been treated for any mental illness?**
> **MR. SHEPHERD: No. Well, I just done -- I (Inaudible) mental illness, but --**
> **THE COURT: I'm sorry, I couldn't understand --**
> **MR. SHEPHERD: I just have an ongoing mental illness.**
> **THE COURT: Does that affect your ability --**
> **MR. SHEPHERD: No.**
> **THE COURT: -- to think clearly?**
> **MR. SHEPHERD: I mean, it just – I'm just on medication. That's all.**
> **THE COURT: Does that medication affect your ability to think clearly?**
> **MR. SHEPHERD: No. No.**
> **THE COURT: Are you under the influence of any alcohol -- well, you've already said you're under the influence of --**
> **MR. SHEPHERD: That's correct.**
> **THE COURT: -- some medications?**
> **MR. SHEPHERD: Right. No. drug --**
> **THE COURT: Aside from the medications that --**
> **MR. SHEPHERD: No drugs or alcohol.**
> **\* \* \***
> **THE COURT: And the medication you're on is what?**

**MR. SHEPHERD: Uhm, Trazodone, Lithium, uhm, Prozac, uhm, -- there's some – there's some other -- (Inaudible).**
**\* \* \***
**THE COURT: Mr. Grzybowski, are you satisfied your client's competent to understand the nature of these proceedings?**
**MR. GRZYBOWSKI: Your Honor, I am confident that he understands, and, uhm, the reason I feel that way is that we've had the opportunity to discuss this matter on several occasions. Uhm, and I am aware of his -- the issues regarding his mental health; however, that medication he takes on a regular basis. And it is my understanding, at least it's been represented to me, that, uhm, it has no impact upon his ability to understand, uhm, legal proceedings, in particular this one.**
**THE COURT: Well, I was led to understand you had an opportunity to consult with Mr. Shepherd today?**
**MR. GRZYBOWSKI: That's correct, ma'am.**
**THE COURT: And you felt he was coherent?**
**MR. GRZYBOWSKI: Yes, ma'am. We had a conversation and I did feel and I do feel that he is coherent.**
**THE COURT: So you're satisfied he's competent?**
**MR. GRZYBOWSKI: Yes, ma'am.**
**THE COURT: All right. The Court will deem the defendant competent. Mr. Shepherd, are you a citizen of the United States?**
**MR. SHEPHERD: Yes.**

(Id. at 2-5). When the trial court asked Shepherd why charges were filed against

him, Shepherd stated:

**Oh, I broke into a house. There was a lady there. I was burglarizing the place. She surprised me just as much as I surprised her. Uhm, I, uhm, tied her up with a chord [sic] while I went through everything in the house. And then I got -- realized, you know, I can't leave her because everybody knows me in the area, so I strangled and suffocated her at the same time and I put her on the bed and then set the house on fire and I left.**

(Id. at 14). At the sentencing hearing, the trial court asked defense counsel if there was any legal cause why sentence should not be pronounced, to which counsel replied, "None, Your Honor." (Feb. 12, 2009 Tr. at 3). Again, no issue regarding Shepherd's competency was raised at the sentencing hearing.

{¶12} After independently reviewing the record, we cannot conclude that it contains sufficient indicia of incompetence such that the trial court abused its discretion by failing to *sua sponte* conduct a competency hearing prior to Shepherd's guilty plea. The record clearly indicates that the trial court inquired into Shepherd's competence, and his attorney stated that he believed that Shepherd was competent. (Nov. 7, 2008 Tr. at 5); (Dec. 5, 2008 Tr. at 4). The record also indicates that the trial court inquired into Shepherd's medications, and both Shepherd and defense counsel indicated that the medications in no way affected his ability to understand the nature of the proceedings. (Dec. 5, 2008 Tr. at 2-5). The fact that Shepherd was taking medications alone is insufficient to find that he was incompetent. R.C. 2945.37(F). Furthermore, as to his citizenship, it is clear from the record that Shepherd understood that he was born in the U.S., and at the change of plea hearing stated, without reservation, that he was a U.S. citizen. (Dec. 5, 2008 Tr. at 5). Our review of the transcript also reveals that Shepherd was able to effectively communicate with counsel. (Id. at 4). Shepherd also stated on the record the factual basis for the charges against him with sufficient clarity to

undermine any suggestion of incompetence. (Dec. 5, 2008 Tr. at 14). Furthermore, aside from the transcript of the proceedings, Shepherd declared that he understood the nature of the charges against him, was satisfied with counsel's representation, and was not under the influence of drugs or alcohol in his written plea agreement. (Doc. No. 23). For all these reasons, we cannot conclude that the trial court abused its discretion by failing to conduct a competency hearing *sua sponte*.

{¶13} Shepherd's first assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR NO. II

**THE DEFENDANT WAS NOT AFFORDED EFFECTIVE ASSISTANCE OF COUNSEL AND THE DEFENDANT'S PLEAS SHOULD BE VACATED WHERE THE STATE FAILED TO ADHERE TO ITS OBLIGATIONS UNDER THE PLEA AGREEMENT AND TRIAL COUNSEL TOOK NO ACTION RESPECTING THE BREACH OF THE PLEA AGREEMENT.**

{¶14} In his second assignment of error, Shepherd argues that he was denied effective assistance of counsel when his counsel failed to ensure that the State fulfilled its obligations under the plea agreement. Specifically, Shepherd argues that the State breached the plea agreement by failing to pursue charges against Brandy[1] Shepherd (hereinafter "Brandy") who he implicated in the crimes.

---

[1] Although this name is spelled both "Brandy" and "Brandi" in the record, we elect "Brandy" for purposes of this appeal. (See Doc. No. 23 vs. Dec. 5, 2008 Tr. at 9 & Feb. 12, 2009 Tr. at 4-6).

{¶15} The State, on the other hand, argues that Shepherd has failed to demonstrate that counsel was ineffective since he has failed to demonstrate that the State breached its plea agreement. In fact, the State alleges that it did pursue charges against Brandy, which is the subject of a Hardin County Grand Jury investigation. However, the State acknowledges that legal issues surrounding spousal privilege may ultimately prevent the grand jury from returning an indictment against Brandy. The State argues that Brandy's spousal privilege rights were explained to Shepherd at his change of plea hearing, but Shepherd made no attempt to withdraw his guilty plea at that time.

{¶16} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance he/she would not have pled guilty. *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687.

{¶17} Shepherd has failed to demonstrate that, but for counsel's deficient performance, he would not have pled guilty. *Xie*, 62 Ohio St.3d at 524, citing *Hill*, 474 U.S. at 59; *Strickland*, 466 U.S. at 687. Shepherd negotiated the plea agreement in order to avoid the death penalty. (Doc. No. 23). The record reveals that Shepherd received the benefit of his bargain, and that the trial court sentenced Shepherd to life imprisonment, even though it might have otherwise sentenced him to death. (Feb. 12, 2008 Tr. at 28); (Feb. 18, 2009 JE, Doc. No. 37 at 3). Furthermore, at the change of plea hearing, the trial court inquired as to whether Shepherd understood that Brandy also might have spousal privileges:

> **THE COURT: And, Mr. Shepherd, you understand, and I don't know the circumstances involving a Brandy Shepherd, but it speaks to you waiving all immunity, arguments or spousal privileges to such testimony, and do you understand if Brandy Shepherd is your spouse that she also has those privileges?**
> **MR. SHEPHERD: Right. That's correct.**
> **THE COURT: You understand that?**
> **MR. SHEPHERD: Yeah.**

(Dec. 5, 2008 Tr. at 9-10). Before the trial court sentenced Shepherd, the trial court asked if there was any legal cause not to proceed to sentencing, to which defense counsel stated, "None, Your Honor." (Feb. 12, 2008 Tr. at 3). In his sentencing statement, Shepherd implicated Brandy in the crimes and expressed his concern that charges had not been filed against her even though she was also involved. (Feb. 12, 2009 at 5). Defense counsel then informed the trial court that Shepherd wanted "to make sure that * * * everyone was aware that Brandy

Shepherd was involved also. That's the statement, Your Honor." (Id. at 5-6). However, Shepherd did not move to withdraw his guilty plea at that time. Therefore, we cannot conclude that, but for counsel's alleged ineffectiveness, Shepherd would not have pled guilty.

{¶18} Additionally, the plea agreement states only that the State "will pursue charges against Brandi Shepherd," not that Brandy will be convicted or even indicted. (Doc. No. 23). There is also nothing in the record to demonstrate that defense counsel failed to ensure that the State pursued charges against Brandy. Nor is there anything in the record, which demonstrates that the State has, in fact, failed to pursue charges. The fact of the matter is that counsel was able to negotiate a plea agreement that guaranteed Shepherd would not face the death penalty. Under the circumstances of this case, we cannot conclude that defense counsel's performance was deficient or unreasonable.

{¶19} Shepherd's second assignment of error is, therefore, overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jnc**

- 12 -