[Cite as *State v. Swoveland*, 2018-Ohio-2875.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  15-17-14

    v.

DAN J. SWOVELAND,                  O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-17-04-049

**Judgment Affirmed**

**Date of Decision:   July 23, 2018**

APPEARANCES:

    *Thomas J. Lucente, Jr.* for Appellant

    *Kelly J. Rauch* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Dan J. Swoveland ("Swoveland"), appeals the December 4, 2017 judgment entry of sentence of the Van Wert County Court of Common Pleas. We affirm.

{¶2} On May 4, 2017, the Van Wert County Grand Jury indicted Swoveland on five counts: Counts One and Two of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), first-degree felonies; Count Three of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony; Count Four of aggravated funding of drug trafficking in violation of R.C. 2925.05(A)(1), a first-degree felony; and Count Five of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), (B)(1). (Doc. No. 3).

{¶3} On May 10, 2017, Swoveland appeared for arraignment and pled not guilty to the counts of the indictment. (Doc. No. 11).

{¶4} On October 11, 2017, Swoveland withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One and Three. (Doc. No. 26). In exchange for his change of pleas, the State agreed to dismiss Counts Two, Four, and Five of the indictment and recommend that Swoveland serve a seven-year prison sentence. (*Id.*). The trial court accepted Swoveland's guilty

pleas, found him guilty on Counts One and Three, and ordered a presentence investigation. (Doc. No. 27).

{¶5} On December 4, 2017, the trial court sentenced Swoveland to 7 years in prison on Count One and 5 years in prison on Count Three and ordered that Swoveland serve the terms consecutively for an aggregate term of 12 years. (Doc. No. 31).

{¶6} On December 22, 2017, Swoveland filed a notice of appeal. (Doc. No. 45). He raises three assignments of error for our review.

## Assignment of Error No. I

**Appellant's guilty pleas were involuntary and should be vacated due to appellant's in-court statements.**

{¶7} In his first assignment of error, Swoveland argues that his guilty pleas were not made knowingly, intelligently, and voluntarily. In particular, Swoveland contends that his guilty pleas were not knowing, intelligent, or voluntary because his in-court statements do not reflect that he was knowingly, intelligently, and voluntarily admitting guilt to Counts One and Three of the indictment.

{¶8} "All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "'"Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."'" *State v. Montgomery*, 3d

Dist. Putnam No. 12-13-11, 2014-Ohio-1789, ¶ 10, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7, quoting *Engle* at 527. Crim.R. 11(C)(2), which governs guilty pleas for felony-level offenses, provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to

require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives the defendant's constitutional rights." *Montgomery* at ¶ 11, citing *Veney* at ¶ 31. "'When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.'" *Id.*, quoting *Veney* at ¶ 31. "A trial court, however, is required to only substantially comply with the non-constitutional notifications in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 14-17.

{¶10} "An appellate court reviews the substantial-compliance standard based upon the totality of the circumstances surrounding the defendant's plea and determines whether he subjectively understood the implications of his plea and the rights he waived." *Id.* at ¶ 12, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20. "'Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶11} In support of his argument that his guilty plea was not knowing, intelligent, or voluntary, Swoveland points to exchanges that occurred during the

sentencing hearing. First, Swoveland points to a statement indicating that he "thought he could get community service" after "pleading guilty to one first-degree felony and one second-degree felony, each with mandatory prison time." (Appellant's Brief at 9). In other words, Swoveland is challenging the trial court's compliance with Crim.R. 11(C)(2)(a).

{¶12} To substantially comply with the requirements of Crim.R. 11(C)(2)(a) in instances "where a defendant faces a mandatory prison sentence," a "trial court must determine, prior to accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions." *State v. Tutt*, 8th Dist. Cuyahoga No. 102687, 2015-Ohio-5145, ¶ 19, citing *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406, ¶ 10, *State v. Brigner*, 4th Dist. Athens No. 14CA19, 2015-Ohio-2526, ¶ 14, *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 6, and *State v. Dawson*, 8th Dist. Cuyahoga No. 61828, 1993 WL 12286, *2 (Jan. 23, 1993).

> A trial court can meet this requirement either by expressly informing the defendant that he or she is subject to a mandatory prison sentence and is therefore ineligible for probation or community control sanctions or by confirming the defendant's subjective understanding of that fact in some other way, i.e., if the "totality of the

circumstances" warrants the trial court in making a determination that the defendant otherwise understands, prior to entering his plea, that he or she is subject to a mandatory prison sentence.

*Id.* at ¶ 20, citing *State v. Smith*, 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, ¶ 11 ("The mere fact that the [trial] court did not specifically say 'You are ineligible for probation' or 'This offense requires a mandatory term of prison' will not be fatal unless the record clearly indicates that the defendant was unaware that he would be sent to prison upon a plea of guilty and he was prejudiced by that fact.") and *State v. McLaughlin*, 8th Dist. Cuyahoga No. 83149, 2004-Ohio-2334, ¶ 19 ("[T]he trial court need not specifically inform the defendant he is 'ineligible for probation' if the totality of the circumstances warrant the trial court in making a determination the defendant understands the offense is 'nonprobational.'").

**{¶13}** At the change-of-plea hearing, the trial court informed Swoveland that he was subject to mandatory terms of imprisonment based on the offenses to which he was admitting guilt. (*See* Oct. 11, 2017 Tr. at 18-19, 27-28); (Doc. No. 26). (*See also* Oct. 11, 2017 Tr. at 26-27). Swoveland unequivocally stated that he understood that he was subject to mandatory terms of imprisonment as a result of admitting guilt to Counts One and Three of the indictment. (*See* Oct. 11, 2017 Tr. at 19, 28).

**{¶14}** However, Swoveland contends that the knowingness, intelligence, and voluntariness of his guilty pleas is undermined by his statements at the sentencing

hearing seeking "community service" as punishment and asserting that he is "really not guilty of what [he is] being accused of." (Dec. 4, 2017 Tr. at 47). Swoveland's arguments are belied by the record. After Swoveland appealed for "community service" and asserted that he is not guilty, the trial court stopped the sentencing hearing to allow Swoveland to consult with his trial counsel. (*Id.* at 48-49). Once Swoveland had the opportunity to consult with his trial counsel, the trial court first inquired whether Swoveland recalled being "informed that there was a mandatory minimum sentence on Count 1, a felony of the first degree, of four years in prison, and a mandatory minimum sentence on Count 3, a felony of the second degree, of three years in prison * * *." (*Id.* at 50). Swoveland stated that he recalled that information. (*Id.*). Thus, we conclude that the totality of the circumstances demonstrate that Swoveland subjectively understood that he was "subject to a mandatory prison sentence, which rendered him ineligible for probation or community-control sanctions." *Tutt* at ¶ 22. Accordingly, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a). *See id.*

{¶15} Second, Swoveland contends that the trial court failed to comply with the requirements of Crim.R. 11(C)(2) in accepting his guilty pleas based on his statement at the sentencing hearing that "he was not actually guilty." (*Id.*). Although unclear, it appears that Swoveland is arguing that the trial court failed to conduct an enhanced "*Alford* inquiry" to assess whether his guilty pleas were

voluntarily and intelligently made. *Compare State v. Carey*, 3d Dist. Union No. 14-10-25, 2011-Ohio-1998, ¶ 5 ("Carey now asserts that her 'protestations of innocence' meant that her plea was actually an '*Alford* plea.' Therefore, Carey contends that the trial court erred when it accepted her plea without conducting an enhanced inquiry in order to determine that her plea was voluntarily and intelligently made."). (*See* Appellant's Brief at 9-10); (Dec. 4, 2017 Tr. at 48, 51-52).

> **{¶16}** An "*Alford* plea" is a specialized type of guilty plea when the defendant, although pleading guilty, continues to deny his or her guilt but enters the guilty plea because the defendant believes that the offered sentence is better than what the outcome of a trial is likely to be.

*Carey* at ¶ 6, citing *State v. Schmidt*, 3d Dist. Mercer No. 10-10-04, 2010-Ohio-4809, ¶ 13 and *State v. Piacella*, 27 Ohio St.2d 92 (1971).

> The term "*Alford* plea" originated with the United States Supreme Court's decision in *North Carolina v. Alford*, wherein the Supreme Court held that guilty pleas linked with claims of innocence may be accepted provided the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."

*Id.*, quoting 400 U.S. 25, 37, 91 S.Ct. 160 (1971). "Although an *Alford* plea allows a defendant to maintain his factual innocence, the plea has the same legal effect as a guilty plea." *Id.*, citing *State v. Vogelsong*, 3d Dist. Hancock No. 5-06-60, 2007-Ohio-4935, ¶ 15.

**{¶17}** "All pleas, including an *Alford* plea, must meet the general requirement that the defendant knowingly, voluntarily, and intelligently waived his or her right to trial." *Id.* at ¶ 7, citing *State v. Padgett*, 67 Ohio App.3d 332, 337-338 (2d Dist.1990), construing Crim.R. 11(C).

> Where the defendant interjects protestations of innocence into the plea proceedings, *and fails to recant those protestations of innocence*, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent. This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.

(Emphasis added.) *Padgett* at 338-339.

{¶18} Notwithstanding Swoveland's argument, the record does not support that he entered an *Alford* plea. *See Carey* at ¶ 8 ("Although Carey now claims that she entered an '*Alford* plea,' the record does not support that assertion."). Despite Swoveland's protestation of innocence, Swoveland recanted that protestation of innocence later during the sentencing hearing. *See id.* ("Carey made one, tenuous denial as to her participation in the events but, thereafter, she fully acknowledged her guilt."). *See also id.* at ¶ 9, citing *Padgett* at 338-339.

{¶19} Indeed, the trial court inquired:

[Trial Court]:      Mr. Swoveland, I'm going to ask you two more questions. You previously entered a plea of guilty to Count 1, Illegal Manufacturing of Drugs, a violation of [R.C.] 2925.04(A)[, (C)](3), a felony of the first degree. Sir, are you guilty of that offense?

* * *

[Swoveland]:      Yes

[Trial Court]:      Likewise, in Count 3, Illegal Assembly or Possession of Chemicals for Manufacturing of Drugs, a violation of [R.C. 2925.041(A), (C)], a felony of the second degree, are you guilty of that offense, sir?

-11-

[Swoveland]:     Yes, your honor.

(Dec. 4, 2017 Tr. at 52-53).   Moreover, neither Swoveland nor his trial counsel represented that his pleas were *Alford* pleas.  *See Carey* at ¶ 8 ("Neither Carey nor her attorney ever represented her plea to be an *Alford* plea—not during the plea negotiations, not at the change of plea hearing, nor in her lengthy plea agreement."), citing *State v. Pate*, 3d Dist. Hancock No. 5-96-12, 1996 WL 689196, *3 (Nov. 19, 1996) (noting that the requirements for an *Alford* plea were not met because "there was never any oral or written notice that such a plea was being attempted").  At best, Swoveland's trial counsel referred to Swoveland's guilty pleas at the sentencing hearing as entered on what he "would call *Alford* terms," to which the trial court responded that "we didn't do an *Alford* plea."  (Dec. 4, 2017 Tr. at 48).  Moreover, while Swoveland's trial counsel later acknowledged on the record that Swoveland's pleas were not *Alford* pleas, he stated, "Again, we did not specify *Alford* during the plea, but as a practical matter, Mr. Swoveland's, I guess, intent in entering into the plea was very much akin to an *Alford* plea under the circumstances."  (*Id.* at 51-52).  Equating a plea to an *Alford* plea does not render that plea an *Alford* plea.  As we discussed above, an *Alford* plea is a specific legal tool with specific procedural requirements.  None of those requirements were satisfied in this case.

{¶20} Accordingly, because the requirements of an *Alford* plea were not satisfied, and because Swoveland recanted his protestation of innocence, we need

not, and do not, address whether the trial court erred by accepting Swoveland's guilty pleas without conducting an enhanced inquiry as required for an *Alford* plea. Rather, Swoveland's guilty pleas were knowing, intelligent, and voluntary within the "ordinary" meaning of Crim.R. 11(C)(2).

**{¶21}** As we decided above, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a). The trial court also substantially complied with the requirements of Crim.R. 11(C)(2)(b). "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 2d Dist. Montgomery No. 25688, 2014-Ohio-5574, ¶ 7, citing *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 12 and *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 10-12. *See also* Crim.R. 11(B). "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B)." *Id.* at ¶ 8, citing *Jones* at ¶ 25, 51. In this case, under Crim.R. 11(B), the trial court was required to inform Swoveland that "[t]he plea of guilty is a complete admission of [his] guilt." Crim.R. 11(B)(1). The trial informed Swoveland that his guilty pleas were "a complete admission of guilt," and Swoveland indicated that he understood that his pleas were a complete admission of guilt. (Oct. 11, 2017 Tr. at 21).

**{¶22}** Finally, the trial court strictly complied with Crim.R. 11(C)(2)(c) during its colloquy with Swoveland at the change-of-plea hearing. (*Id.* at 21-23). *Compare Montgomery*, 2014-Ohio-1789, at ¶ 13 (concluding that "the trial court strictly complied with Crim.R. 11(C)(2)(c) at the change-of-plea hearing"). Swoveland indicated that he understood the rights that he was waiving by pleading guilty. (Oct. 11, 2017 Tr. at 21-23). *See Montgomery* at ¶ 13. Consequently, we are not persuaded that the trial court erred by accepting Swoveland's guilty pleas. *Montgomery* at ¶ 13. Stated another way, Swoveland's guilty pleas were not rendered unknowing, unintelligent, or involuntary based on his statements at the sentencing hearing. Moreover, Swoveland failed to argue—much less establish—prejudice in this case, i.e. that he would not have pled guilty but for the trial court's alleged errors. *Id.*, citing *Nero*, 56 Ohio St.3d at 108.

**{¶23}** Swoveland's first assignment of error is overruled.

### Assignment of Error No. II

**Appellant's guilty pleas were involuntary and should be vacated due to the appellant's incompetency and the trial court committed plain error by failing to sua sponte order a competency evaluation of appellant prior to accepting the guilty plea.**

**{¶24}** Swoveland argues under his second assignment of error that his guilty pleas were invalid because the trial court failed to sua sponte order a hearing regarding Swoveland's competency to knowingly, intelligently, and voluntarily plead guilty.

{¶25} In addition to the requirement that a defendant's guilty plea be knowing, intelligent, and voluntary, a trial court must satisfy itself that a defendant who seeks to plead guilty is competent. *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 56, *reconsideration granted in part in other grounds*, 147 Ohio St.3d 1438, 2016-Ohio-7677, citing *Godinez v. Moran*, 509 U.S. 389, 396, 400, 113 S.Ct. 2680 (1993). "A defendant is presumed competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent." *State v. Prophet*, 10th Dist. Franklin No. 14AP-875, 2015-Ohio-4997, ¶ 13, citing *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, ¶ 28, *State v. Scurlock*, 2d Dist. Clark No. 2002-CA-34, 2003-Ohio-1052, ¶ 77, and R.C. 2945.37(G).

> {¶26} In a criminal action in a court of common pleas, * * * the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

R.C. 2945.37(B). In assessing whether to order such a hearing, the trial court should consider "'(1) doubts expressed by counsel as to the defendant's competence, (2)

evidence of irrational behavior, (3) the defendant's demeanor at trial, and (4) prior medical opinion relating to competence to stand trial.'" *State v. Hartman*, 174 Ohio App.3d 244, 2007-Ohio-6555, ¶ 15 (3d Dist.), quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61 (8th Dist.1987).

**{¶27}** "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, at ¶ 56, citing *Godinez* at 398-399. "The defendant must have a '"sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and [have] "a rational as well as factual understanding of the proceedings against him."'" *Id.*, quoting *Godinez* at 396, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960).

**{¶28}** Because it is left to the discretion of the trial court, we review a trial court's decision to order a competency hearing for an abuse of discretion. *State v. Shepherd*, 3d Dist. Wyandot No. 16-09-03, 2009-Ohio-3317, ¶ 9; *Prophet*, 2015-Ohio-4997, at ¶ 14, citing *State v. Smith*, 89 Ohio St.3d 323, 330 (1990). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "When reviewing the trial court's decision on whether to conduct a competency hearing sua sponte, an

appellate court should give deference to the trial court since it was able to see and hear what transpired in the courtroom." *Shepherd* at ¶ 9, citing *Smith* at 330.

**{¶29}** It is undisputed that Swoveland's competency was not raised prior to the change-of-plea hearing.  Instead, Swoveland contends that the trial court abused its discretion by failing to order a hearing regarding his competency based on the evidence discussed under his first assignment of error regarding the knowingness, intelligence, and voluntariness of his guilty pleas coupled with statements made by the trial court and Swoveland's trial counsel at the change-of-plea and sentencing hearings, respectively.

**{¶30}** In support of his argument, Swoveland points to an exchange during the change-of-plea hearing as evidence that the trial court harbored concern regarding his competency.  That exchange, which concerned his release before sentencing, reflects:

[Trial Court]:    Now it's my understanding that you're going to go to your, is it your sister's house or your brother's house?

[Swoveland]:    Do I have to?  Could I go home to my own house?  Your honor?

[Trial Court]:    I'm concerned about that.

[Swoveland]:    Why?

> [Trial Court]:     I don't have to state all of my concerns.
>
> [Swoveland]:     Huh?

(Oct. 11, 2017 Tr. at 34). Swoveland also points to his trial counsel's statement at the sentencing hearing that Swoveland "'doesn't process information the same way the rest of us do.'" (Appellant's Brief at 10, quoting Dec. 4, 2017 Tr. at 45).

{¶31} After reviewing the record, we cannot conclude that the trial court acted unreasonably, arbitrarily, or unconscionably by failing to sua sponte order a hearing regarding Swoveland's competency. There is insufficient indicia of incompetence. *See State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, ¶ 157. Under the factors that the trial court should consider when deciding whether to order a competency hearing, there is no evidence that Swoveland behaved irrationally in the courtroom or that there is a prior medical opinion relating to Swoveland's competence to stand trial. To the extent that Swoveland argues that the trial court and his trial counsel expressed doubts as to Swoveland's competency, we disagree. First, Swoveland hypothesizes that the trial court "did not feel safe letting him be alone under house arrest" in response to the trial court's statement to Swoveland that it was not required to recite its concerns for prohibiting Swoveland to be released to his residence. (Appellant's Brief at 12). There is no evidence in the record supporting Swoveland's hypothesis. Instead, there is evidence in the record reflecting that the trial court could have harbored concerns other than Swoveland's

mental state—that is, there is evidence in the record reflecting Swoveland's personal drug abuse and propensity to engage in criminal activity when pressured by others. Without definitive evidence that the trial court actually possessed concerns about Swoveland's competency, we defer to the trial court's determination, as we are required to do, since it was able to see and hear what transpired in the courtroom.

{¶32} Second, Swoveland's argument that his trial counsel's statement that he processes information differently demonstrates that his trial counsel expressed doubts as to his competence is also erroneous. Read in context, Swoveland's trial counsel's statement was part of his statement to the trial court before Swoveland's sentencing explaining the circumstances of the case. Indeed, the spirit of the evidence that Swoveland's trial counsel presented on Swoveland's behalf in mitigation of a harsh sentence was that he is easily impressionable and was pressured into participating in the criminal activity.

{¶33} Finally, based on our analysis under Swoveland's first assignment of error, we summarily reject Swoveland's argument relying on any evidence that his guilty pleas were not knowing, intelligent, or voluntary as indicia of incompetence.

{¶34} Beyond the factors that the trial court should consider when determining whether to order a competency hearing, there is also no evidence in the record that Swoveland was incompetent. That is, there is no evidence in the record reflecting that Swoveland did not have a sufficient present ability to consult with

his trial attorney with a reasonable degree of rational understanding and no evidence that Swoveland did not have a rational and factual understanding of the proceedings against him. *See State v. Ferguson*, 2d Dist. Montgomery No. 27325, 2018-Ohio-987, ¶ 18, citing *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 32, citing *State v. Berry*, 72 Ohio St.3d 354, 359 (1995) and *Dusky*, 362 U.S. at 402.

**{¶35}** Indeed, at the change-of-plea hearing, Swoveland appropriately responded to the trial court's colloquy. In particular, Swoveland declared that he understood the nature of the charges against him; that he had an opportunity to review and discuss those charges with his trial counsel; that he was satisfied with his trial counsel's representation; and that he was not under the influence of drugs or alcohol. (Oct. 11, 2017 Tr. at 19-20, 24, 29-30). Moreover, Swoveland executed the negotiated plea agreement reflecting the same. (Doc. No. 26). *Compare Shepherd*, 2009-Ohio-3317, at ¶ 12.

**{¶36}** For these reasons, we conclude that the trial court did not abuse its discretion by failing to sua sponte order a hearing regarding Swoveland's competency. As such, to the extent that Swoveland argues that his guilty pleas are invalid because he was incompetent, we reject Swoveland's argument.

**{¶37}** Swoveland's second assignment of error is overruled.

### Assignment of Error No. III

**Defendant was denied the effective assistance of counsel as required by the Sixth Amendment to the U.S. Constitution.**

**{¶38}** In his third assignment of error, Swoveland argues, for largely the same reasons asserted in his second assignment of error, that his trial counsel was ineffective for failing to request a hearing regarding Swoveland's competency.

**{¶39}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *Strickland*, 466 U.S. at 687.

**{¶40}** Based on our conclusions in Swoveland's second assignment of error, we reject Swoveland's ineffective-assistance-of-counsel argument. That is, Swoveland cannot show that his trial counsel's performance was deficient or unreasonable under the circumstances because, as we concluded under Swoveland's second assignment of error, there is insufficient indicia in the record demonstrating that the trial court should have ordered a competency hearing or that Swoveland was incompetent.

{¶41} Swoveland's third assignment of error is overruled.

{¶42} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**