[Cite as *State v. Purdy*, 2022-Ohio-1131.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                  CASE NO.  2-21-16

     v.

CHARLES M. PURDY, II,              O P I N I O N

     DEFENDANT-APPELLANT.

---

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2021-CR-0055

**Judgment Affirmed**

**Date of Decision:   April 4, 2022**

---

APPEARANCES:

    *James F. Hearn* **for Appellant**

    *Laia Zink* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Charles M. Purdy, II ("Purdy"), appeals the July 20, 2021 judgment entry of sentence of the Auglaize County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 18, 2021, the Auglaize County Grand Jury indicted Purdy on fourteen counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), fourth-degree felonies. On March 23, 2021, Purdy appeared for arraignment and entered pleas of not guilty.

{¶3} On July 19, 2021, Purdy withdrew his pleas of not guilty and entered pleas of guilty, under a negotiated-plea agreement, to the counts of the indictment. In exchange for his change of pleas, the State agreed to a joint-sentencing recommendation. The trial court accepted Purdy's guilty pleas, found him guilty, and sentenced Purdy to 18 months in prison on Counts One through Eight and 12 months in prison on Counts Nine through Fourteen.[1] (Doc. No. 43). The trial court ordered that Purdy serve the prison terms for Counts One through Eight consecutively. (*Id.*). Further, the prison terms imposed as to Counts Nine through Fourteen were ordered to be served concurrently to the consecutive prison-terms imposed as to Counts One through Eight, for an aggregate sentence of 144 months in prison (one-year less than the joint-sentencing recommendation of the parties).

---

[1] The trial court filed its judgment entry of conviction and sentence on July 20, 2021. (Doc. No.43).

(*Id.*); (July 19, 2021 Tr. at 43). The trial court also classified Purdy as a Tier II sex offender.

**{¶4}** On August 31, 2021, Purdy filed a motion for a delayed appeal, which this court granted on September 10, 2021. (*See also* Doc. No. 66). He raises two assignment of error for our review.

**Assignment of Error No. I**

**The Trial Court erred when it failed to order a competency evaluation of the Defendant prior to his change of plea.**

**{¶5}** In his first assignment of error, Purdy argues that the trial court erred by failing to sua sponte order a competency evaluation prior to accepting his guilty pleas. Specifically, Purdy contends that the trial court had a duty to sua sponte order a competency evaluation because it was disclosed on the record that he suffered a traumatic-brain injury during his military service in Afghanistan.

*Standard of Review*

**{¶6}** "Because it is left to the discretion of the trial court, we review a trial court's decision to order a competency hearing for an abuse of discretion." *State v. Swoveland*, 3d Dist. Van Wert No. 15-17-14, 2018-Ohio-2875, ¶ 28, citing *State v. Shepherd*, 3d Dist. Wyandot No. 16-09-03, 2009-Ohio-3317, ¶ 9 and *State v. Prophet*, 10th Dist. Franklin No. 14AP-875, 2015-Ohio-4997, ¶ 14, citing State v. *Smith*, 89 Ohio St.3d 323, 330 (1990). An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio

St.2d 151, 157-158 (1980). "'When reviewing the trial court's decision on whether to conduct a competency hearing sua sponte, an appellate court should give deference to the trial court since it was able to see and hear what transpired in the courtroom.'" *Swoveland* at ¶ 28, quoting *Shepherd* at ¶ 9, citing *Smith* at 330.

*Analysis*

**{¶7}** "In addition to the requirement that a defendant's guilty plea be knowing, intelligent, and voluntary, a trial court must satisfy itself that a defendant who seeks to plead guilty is competent." *Id.* at ¶ 25. "'A defendant is presumed competent to stand trial, and the burden is on the defendant to prove by a preponderance of the evidence that he is not competent.'" *Id.*, quoting *Prophet* at ¶ 13, citing *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, ¶ 28, *State v. Scurlock*, 2d Dist. Clark No. 2002-CA-34, 2003-Ohio-1052, ¶ 77, and R.C. 2945.37(G).

> In a criminal action in a court of common pleas, * * * the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion.

R.C. 2945.37(B). "In assessing whether to order such a hearing, the trial court should consider "'(1) doubts expressed by counsel as to the defendant's competence, (2) evidence of irrational behavior, (3) the defendant's demeanor at

trial, and (4) prior medical opinion relating to competence to stand trial.""" *Swoveland* at ¶ 26, quoting *State v. Hartman*, 174 Ohio App.3d 244, 2007-Ohio-6555, ¶ 16 (3d Dist.), quoting *State v. Rubenstein*, 40 Ohio App.3d 57, 60-61 (8th Dist.1987).

{¶8} "'The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial.'" *Id.* at ¶ 27, quoting *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 56, *reconsideration granted in part on other grounds*, 147 Ohio St.3d 1438, 2016-Ohio-7677, citing *Godinez v. Moran*, 509 U.S. 389, 398-399, 113 S.Ct. 2680 (1993). "'The defendant must have a "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and [have] 'a rational as well as factual understanding of the proceedings against him.'""" *Id.*, quoting *Montgomery* at ¶ 56, quoting *Godinez* at 396, quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960).

{¶9} In this case, there is no dispute that Purdy's competency was not raised prior to the change-of-plea hearing. Rather, Purdy contends that the trial court abused its discretion by failing to sua sponte order a hearing regarding his competency based on the evidence revealed at the change-of-plea hearing that he suffered a traumatic-brain injury during his military service in Afghanistan. Particularly, Purdy contends that the record contains sufficient indicia of

incompetence based on his exchange with the trial court during which he informed the trial court that he was unable "to pass a physical for a nursing degree" as a result of his brain injury. (Appellant's Brief at 9).

{¶10} "It is now well established, however, that having a mental illness or taking medications to treat a mental illness, does not equate with a finding of legal incompetency." *Prophet*, 2015-Ohio-4997, ¶ 21, citing *State v. Berry*, 72 Ohio St.3d 354, 362 (1995), *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 71, *State v. Bock*, 28 Ohio St.3d 108, 110 (1986), and R.C. 2945.37(F). *See also State v. Whitling*, 12th Dist. No. CA2016-10-202, 2018-Ohio-1360, ¶ 42 (Piper, J., dissenting) (acknowledging that "[p]ast brain injury has been determined to be insufficient indicia of incompetency and the failure to hold a hearing was harmless"), citing *Eley v. Bagley*, 604 F.3d 958, 966-967 (6th Cir.2010).

{¶11} Based on our review of the record, the trial court did not act unreasonably, arbitrarily, or unconscionably by failing to sua sponte order a hearing regarding Purdy's competency because there is insufficient indicia of incompetence. *Accord Swoveland*, 2018-Ohio-2875, at ¶ 31. Indeed, there is no evidence in the record that Purdy behaved irrationally in the courtroom or that there is a prior medical opinion relating to Purdy's competency to stand trial. *See id.* Furthermore, neither Purdy's trial counsel nor Purdy expressed doubts as to his competence. Importantly, the record reflects that the trial court conducted a further exchange with

Purdy regarding his brain injury during which the trial court concluded that the brain injury did not impact Purdy's competency. Specifically, during that exchange, Purdy informed the trial court that he did not "believe" that his brain injury "is to blame for" his conduct and that he "did not try to plea [sic] insanity or anything." (July 19, 2021 Tr. at 41-42).

**{¶12}** Moreover, beyond the factors that the trial court should consider when determining whether to order a competency hearing, there is no evidence in the record that Purdy was incompetent. That is, there is no evidence in the record reflecting that Purdy did not have a sufficient present ability to consult with his trial attorney with a reasonable degree of rational understanding and no evidence that Purdy did not have a rational and factual understanding of the proceedings against him. *Accord Swoveland* at ¶ 34, citing *State v. Ferguson*, 2d Dist. Montgomery No. 27325, 2018-Ohio-987, ¶ 18, citing *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, ¶ 32, citing *Berry* at 359 and *Dusky*, 362 U.S. at 402.

**{¶13}** Specifically, during the change-of-plea hearing, Purdy appropriately responded to the trial court's colloquy. *See Prophet*, 2015-Ohio-4997, at ¶ 19, citing *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, ¶ 38. In particular, Purdy declared that he understood the nature of the charges against him; that he had an opportunity to review and discuss those charges with his trial counsel; that he was satisfied with his trial counsel's representation; and that he was not under the

influence of drugs or alcohol. Likewise, Purdy executed the negotiated-plea agreement reflecting the same. *Accord Swoveland* at ¶ 35, citing *Shepherd*, 2009-Ohio-3317, at ¶ 12.

{¶14} For these reasons, we conclude that the trial court did not abuse its discretion by failing to sua sponte order a hearing regarding Purdy's competency.

{¶15} Thus, Purdy's first assignment of error is overruled.

## Assignment of Error No. II

**Defendant was provided ineffective assistance of counsel when Defendant's attorney failed to request a competency evaluation prior to plea change, or any sort of expert evaluation prior to sentencing.**

{¶16} In his second assignment of error, Purdy argues that his trial counsel was ineffective for failing to request a hearing regarding his competency.

*Standard of Review*

{¶17} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992),

citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985); *Strickland*, 466 U.S. at 687.

*Analysis*

{**¶18**} Based on our conclusion in Purdy's first assignment of error, we reject Purdy's ineffective-assistance-of-counsel argument. That is, Purdy cannot show that his trial counsel's performance was deficient or unreasonable under the circumstances because, as we concluded under Purdy's first assignment of error, there is insufficient indicia in the record demonstrating that the trial court should have ordered a competency hearing or that Purdy was incompetent.

{**¶19**} Therefore, Purdy's second assignment of error is overruled.

{**¶20**} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**