JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Christopher McLaughlin appeals from his convictions and sentences, and, additionally, his subsequent classification as a sexual predator, after entering guilty pleas to two counts of rape, one count of aggravated burglary, and one count of gross sexual imposition.
 {¶ 2} Appellant raises seven assignments of error. In them, he challenges his convictions by asserting the trial court not only failed to comply with Crim.R. 11(C) requirements, but also made omissions or misstatements during the hearing that served to invalidate his pleas. Appellant challenges his sentences by asserting the trial court failed to comply with the plea agreement, failed to comply with statutory requirements in sentencing him to a maximum term on one conviction and to consecutive terms on others, and improperly ordered him to pay for the victim's future counseling. Appellant challenges the trial court's classification of him as a sexual predator by asserting the consequences of the designation were misstated at the plea hearing, and the decision lacks an adequate basis in the evidence presented.
 {¶ 3} After a review of the record, this court finds the trial court properly accepted appellant's pleas. Moreover, the sentences imposed by the trial court were lawful. Similarly, the trial court's classification of appellant is adequately supported; however, as evidenced by the record, the trial court neglected to discuss the facts and factors upon which it based its determination.
 {¶ 4} Consequently, appellant's convictions, sentences, and his classification as a sexual predator are affirmed. This case is remanded for a supplemental hearing at which the trial court is instructed to discuss on the record the factors and evidence it considered in arriving at its decision to classify appellant as a sexual predator.
 {¶ 5} Appellant's convictions result from an incident that occurred on the night of September 29, 2002. Appellant threw a brick through a window of a home that belonged to an adult female neighbor, who was asleep in her bed at the time. He entered the home by climbing through the broken pane, confronted the woman with a knife, and then assaulted her sexually before he fled. Appellant remained at large for some time before his arrest.
 {¶ 6} Appellant eventually was indicted on five counts as follows: two counts of rape, R.C. 2907.02; one count of gross sexual imposition, R.C. 2907.05; one count of aggravated burglary, R.C. 2911.11; and one count of kidnapping, R.C.2905.01, with a sexual motivation specification. After discovery had been conducted, appellant's assigned counsel arranged with the state a plea agreement for his client. The trial court held a hearing on the matter.
 {¶ 7} The prosecutor outlined the potential maximum penalties involved for the charges at the outset of appellant's plea hearing; in doing so, he erroneously stated that for first-degree felonies, only a "presumption of incarceration" existed, rather than mandatory incarceration. No one corrected this error. The prosecutor stated the parties also had stipulated appellant's crimes were not "allied offenses" for purposes of conviction. In exchange for appellant's plea, the kidnapping count would be dismissed.
 {¶ 8} When the trial court turned to defense counsel, counsel explained the portion of the agreement as to "allied offenses" was a concession by appellant only to the convictions, not to the sentences. He indicated the parties had left the appropriateness of "consecutive sentences" to the trial court.
 {¶ 9} At that point, the trial court addressed appellant. It explained the rights he was relinquishing by entering his pleas and the potential penalties for violations of first-degree and fourth-degree felonies, permitted appellant to confer with defense counsel for a few minutes, and, thereafter, asked appellant if he were ready to go forward with the plea. Appellant responded affirmatively, and, when asked what his plea was to each offense, answered, "Guilty." The trial court accepted appellant's pleas, then dismissed the kidnapping charge.
 {¶ 10} Proceeding to the matter of appellant's status as a sexual offender, the trial court informed appellant that it was required to determine his classification before sentencing. Appellant indicated defense counsel had discussed the matter with him, and indicated he was aware the state sought a finding he was a sexual predator.
 {¶ 11} The trial court told appellant a "sexual predator would be required to report annually for the rest of his life and there would be some community notification of [his] living arrangements again for the rest of [his] life." Asked if this information caused him to change his plea, appellant replied, "No." The trial court thereupon referred him for a presentence report. Subsequently, appellant also was referred for a psychological evaluation.
 {¶ 12} Approximately two months later, the trial court held appellant's sentencing hearing. It indicated it had reviewed the principles and purposes of sentencing, the seriousness and recidivism factors, the entire case file, the presentence report, the psychological report, and letters from the victim and others. The trial court further indicated that at appellant's plea hearing, a misstatement had been made regarding the "presumptive," rather than mandatory, requirement of incarceration for rape convictions. Appellant assured the trial court he nevertheless did not wish to "reconsider" his plea.
 {¶ 13} The trial court ultimately sentenced appellant to terms of incarceration as follows: seven years each on the two rape counts, seventeen months on the gross sexual imposition count, and ten years on the aggravated burglary counts. The first three counts were ordered to run concurrently to each other, but consecutively to the last count, for a total term of seventeen years. The trial court further ordered appellant to pay "restitution for counseling for the victim for 10 years." The trial court also classified appellant as a sexual predator.
 {¶ 14} Appellant presents seven assignments of error that will be combined for discussion where appropriate.
 {¶ 15} Appellant's first and sixth assignments of error state:
 {¶ 16} "I. The trial court erred during the plea hearing when it failed to comply with Criminal Rule 11.
 {¶ 17} "VI. The trial court erred when it classified as a sexual predator since appellant was not informed at the time of the plea of the possible ramifications of such a classification."
 {¶ 18} Appellant argues his plea was invalid because the trial court made an omission and two misstatements at his plea hearing. He contends the failure to inform him: 1) he was not eligible for probation; 2) incarceration for a conviction for rape was mandatory not "presumptive;" and, 3) the sexual predator's reporting requirement was every ninety days not "annually," all constitute grounds for reversal of his convictions and his classification. This court disagrees.
 {¶ 19} The standard for the trial court's responsibility to inform the defendant of the provisions set forth in Crim.R. 11(C)(a) and (b) is "substantial compliance." State v. Nero
(1990), 56 Ohio St.3d 106; State v. Stewart (1977),51 Ohio St.2d 56. Thus, the trial court need not specifically inform the defendant he is "ineligible for probation" if the totality of the circumstances warrant the trial court in making a determination the defendant understands the offense is "nonprobational." Statev. Nero, supra; cf., State v. Huryat (July 23, 1992), Cuyahoga App. No. 60676.
 {¶ 20} In this case, appellant had been charged with five serious crimes, but had the services of an experienced attorney who obtained all the necessary discovery prior to negotiating the plea agreement, pursuant to which counsel secured the dismissal of a kidnapping charge that carried a specification. The trial court informed appellant that the three first-degree felony counts carried a potential term of incarceration of three to ten years. Moreover, before appellant told the trial court he still intended to enter his guilty pleas, the hearing was paused in order for him to confer with counsel. This court previously has determined under similar circumstances the trial court had substantially complied with Crim.R. 11(C). State v. Nero,
supra; State v. McQueen (May 8, 1997), Cuyahoga App. No. 71457.
 {¶ 21} As to appellant's argument regarding the trial court's "presumption" of incarceration misstatement, the record reflects he waived it; he had the opportunity to withdraw his plea on that basis, but declined. State v. Williams (1977),51 Ohio St.2d 112.
 {¶ 22} Finally, appellant disregards App.R. 16(A)(7) by presenting no authority to support the argument he makes in his sixth assignment of error, viz., the trial court's misstatement about sexual offender reporting requirements at the pleahearing renders invalid a later classification. Pursuant to App.R. 12(A)(2), therefore, this court declines to address it.
 {¶ 23} Accordingly, appellant's first and sixth assignments of error are overruled.
 {¶ 24} Appellant's second, third, fourth, and seventh assignments of error state:
 {¶ 25} "II. The trial court erred in sentencing appellant to a consecutive term of incarceration in spite of the agreement between the parties.
 {¶ 26} "III. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4).
 {¶ 27} "IV. The trial court erred when it sentenced appellant to [a] maximum sentence without making the appropriate findings.
 {¶ 28} "VII. The trial court erred when it improperly ordered appellant to pay any restitution for counseling for the victim."
 {¶ 29} Challenging his sentence in these assignments of error, appellant first claims the plea agreement included a "stipulation" that consecutive sentences "would not be appropriate." However, the record contradicts this claim. Moreover, appellant again fails to support this argument with any citation to authority.
 {¶ 30} Next, appellant claims the trial court neglected to comply with statutory requirements in ordering the consecutive sentences. This court disagrees.
 {¶ 31} Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(C), the trial court may impose consecutive sentences as long as it makes the statutorily enumerated findings and, further, gives its reasons for its decision at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. The trial court in this case complied with its mandate.
 {¶ 32} The trial court found that consecutive sentences were: 1) necessary both to protect the public and to punish appellant; and, 2) not disproportionate to the seriousness of appellant's conduct and to the danger appellant posed to the public. The trial court further found the harm caused to the victim was so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct. Furthermore, the trial court explained its reasons for choosing consecutive terms by referring to appellant's history of convictions for assault that now had escalated in the violence of their nature. State v.Watson, Cuyahoga App. No. 82582, 2003-Ohio-5815.
 {¶ 33} Appellant's claim that the trial court failed to comply with statutory requirements in imposing a maximum sentence for his conviction for aggravated burglary is similarly unsupported. The trial court found appellant had committed the "worst form of the offense." R.C. 2929.14(C). It explained its decision by referring to appellant's knowledge of his neighbor's "comings and goings," his method of entry, and his possession of a weapon. R.C. 2929.19(B)(2)(d).
 {¶ 34} Finally, appellant complains about the obligation to pay for the victim's counseling. Once again, without any citation to authority to support this argument, this court will not address it.
 {¶ 35} For the foregoing reasons, appellant's second, third, fourth, and seventh assignments of error are overruled.
 {¶ 36} Appellant's fifth assignment of error states:
 {¶ 37} "V. The trial court erred when it classified appellant as a sexual predator."
 {¶ 38} Appellant argues the trial court's classification of him into the highest category of sexual offender lacks a basis in the evidence presented to it. Upon a review of the record, this court disagrees.
 {¶ 39} The record reflects the trial court was presented with a great deal of evidence to support its decision; many of the relevant factors set forth in R.C. 2950.09(B)(2) were met. Appellant had a criminal record of past offenses of violence against women, committed the offense during a time when he was a fugitive from the justice system, used force and a deadly weapon in the attack, had indicated a hatred of women motivated his behavior, and was diagnosed by the psychologist as having an "impulse control" problem called "intermittent explosive disorder."
 {¶ 40} However, R.C. 2950.09(B) requires the trial court to discuss on the record those factors upon which it actually relied in making a determination as to the offender's status. State v.Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247.
 {¶ 41} A review of the transcript of the hearing reveals the trial court presented no discussion about its decision; it never mentioned either the facts or the factors it considered. This was inadequate for purposes of the statutory scheme. Id.
 {¶ 42} Appellant's fifth assignment of error, accordingly, is sustained only in part.
 {¶ 43} Appellant's convictions and sentences are affirmed. The order finding appellant to be a sexual predator is affirmed; however, consistent with this opinion, this case is remanded to the trial court for further proceedings.
Calabrese, Jr., J. concurs.
 Dyke, P.J., concurs in part and dissents in part with separateconcurring and dissenting opinion.