JOURNAL ENTRY AND OPINION
{¶ 1} This matter returns to us following the trial court's compliance with the prior mandate of this Court in State v. McLaughlin, Cuyahoga App. No. 83149, 2004-Ohio-2334 ("McLaughlin I"). In McLaughlin I, the majority affirmed the order classifying defendant as a sexual predator but remanded the matter to have the trial court place the factors it considered in reaching this determination on the record. Id.[1] The trial court complied by detailing its analysis in reaching the sexual predator determination as required by R.C. 2950.09(B). Defendant brings this appeal raising the following assignments of error for our review:
 {¶ 2} "I. The trial court erred when it classified appellant as a sexual predator."
 {¶ 3} "II. The trial court erred when it failed to allow a fair and complete sexual predator hearing for appellant."
 {¶ 4} We do not reach the substance of defendant's challenge since this appeal is barred by the doctrine of law of the case[2] and res judicata. There was no "error" on the part of the trial court since it was not free to disregard a mandate of this Court. See Nolan v. Nolan
(1984), 11 Ohio St.3d 1. The decision in McLaughlin I affirmed the trial court's order that found defendant to be a sexual predator and this has not been reversed by the Ohio Supreme Court. Therefore, we are prohibited by the doctrine of the law of the case and the principles of res judicata from addressing the assignments of error presented in this appeal.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Kilbane, J., concur.
[1] Defendant moved this Court to appoint counsel to appeal this Court's decision in McLaughlin I to the Ohio Supreme Court; which motion was denied.
[2] The doctrine of "law of the case" provides "that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3.