[Cite as *State v. Homolak*, 2019-Ohio-869.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107040

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANDREW HOMOLAK**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-610905-A

**BEFORE:** Yarbrough, J.,* Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 14, 2019

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Paul A. Kuzmins
Assistant Public Defender
310 West Lakeside Avenue, Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Katherine Mullin
Jennifer A. Driscoll
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

STEPHEN A. YARBROUGH, J.:*

{¶1} A 39-count indictment outlined a series of crimes that defendant-appellant Andrew Homolak perpetrated against his two daughters over the course of several years during their childhood. He was accused of committing 12 counts of rape, 18 counts of kidnapping, and a multitude of other crimes. Homolak pleaded guilty to a subset of the crimes charged, including six counts of rape in violation of R.C. 2907.02(A)(2), from which he appeals. On appeal, Homolak argues that his plea was not knowing, voluntary, and intelligent. We affirm.

{¶2} In his sole assignment of error, Homolak complains that the trial court violated Crim.R. 11(C)(2)(a) because it "failed to inform [him] that his plea required a mandatory prison term." Relatedly, he complains that the court failed to inform him that he was therefore ineligible for community control sanctions.

{¶3} Crim.R. 11(C)(2)(a) provides that a trial court shall not accept a guilty plea in a felony case without first

> [d]etermining that the defendant is making the plea voluntarily, with the understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

See also State v. Arnett, 88 Ohio St.3d 208, 214, 2000-Ohio-302, 724 N.E.2d 793 ("Rape carries a mandatory prison term under R.C. 2929.13(F)(2).").

**{¶4}** Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an awareness about the potential penalty before accepting a guilty plea. It does not, however, require the court to make any specific articulation as to the potential penalty. *Compare* Crim.R. 11(C)(2)(b)-(c) (both requiring that the court determine that the defendant understands, but additionally requiring the court to specifically inform the defendant); *see also State v. Davis*, 8th Dist. Cuyahoga No. 76085, 2000 Ohio App. LEXIS 4044, 12 (Sept. 7, 2000) ("Although the judge must specifically determine whether a defendant understands that he is not eligible for probation, the rule does not require him to personally inform a defendant of this fact in every circumstance. Crim.R. 11(C)(2) distinguishes between things the judge must determine from those of which he must inform a defendant regardless of whether an independent understanding is shown.").

**{¶5}** The Supreme Court has encouraged trial courts to literally comply with Crim.R. 11, so as to ensure that guilty pleas are entered knowingly and voluntarily. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 29. While this remains the best practice, a court's failure to literally comply with all aspects of the rule does not automatically invalidate a guilty plea. *Id.* at ¶ 30. Instead, a reviewing court must look to the nature of the claimed failure, determine whether there was actually a failure, and if so, determine its extent. *Id.*

**{¶6}** Also relevant to this case, where a defendant claims the trial court failed to explain a nonconstitutional right, the relevant inquiry is whether the court substantially complied with the rule. *See id.* at ¶ 31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). Thus, the relevant inquiry is whether absent the deficient explanation the defendant would have still pleaded guilty. *Id.*

**{¶7}** This court has held that a court need not specifically inform a defendant that a particular conviction mandates prison or precludes a community control sanction, where the record clearly indicates that the defendant was aware of this. *See, e.g., State v. Smith,* 8th Dist. Cuyahoga No. 83395, 2004-Ohio-1796, ¶ 11 ("The mere fact that the court did not specifically say '[y]ou are ineligible for probation' or '[t]his offense requires a mandatory term of prison' will not be fatal unless the record clearly indicates that the defendant was unaware that he would be sent to prison upon a plea of guilty and he was prejudiced by that fact."); *see, e.g., State v. McLaughlin*, 8th Dist. Cuyahoga No. 83149, 2004-Ohio-2334, ¶ 19 ("[T]he trial court need not specifically inform the defendant he is 'ineligible for probation' if the totality of the circumstances warrant the trial court in making a determination the defendant understands the offense is 'nonprobational.'").

**{¶8}** At Homolak's change of plea hearing, the state put the plea agreement on the record: Homolak would plead guilty to six counts of rape in violation of R.C. 2907.02(A)(2), each a felony of the first degree, and each punishable by a possible term of incarceration of 3 to 11 years. The court asked Homolak's counsel if that was correct. Counsel responded:

> Judge, that's correct. We've reviewed this with [Homolak] a couple of times since it's been offered to us. * * * He will be entering a guilty plea to those knowingly, intelligently, and voluntarily, Judge, of his own free will. And I've also explained the constitutional rights that one has that one gives up when you enter a plea as opposed to going to trial.
>
> I know you'll go over those as well, Judge, but he's aware of that. He's an intelligent guy. He knows what's going on. I've made no promises whatsoever.
>
> I've indicated to him that the Court has to make the decision on sentencing. I can't advise him as to what the sentence would be, but he knows what the range is.

**{¶9}** The court then confirmed that none of the six rape counts would merge for the purposes of sentencing before conducting the plea colloquy. The court inquired about Homolak's counsel and reiterated the potential penalties he faced:

The Court:     Have you had enough time to consult with your attorney?

Homolak:     Yes, ma'am.
The Court:     Are you satisfied with his representation?

Homolak:     Yes, ma'am.

* * *

The Court:     Do you understand the penalties that could be imposed for these offenses * * * which are all counts of rape? Those are felonies of the first degree. They could carry a potential penalty of three to 11 years in prison, a fine of up to $20,000.

Homolak:     Yes, ma'am.

* * *

The Court:     Let the record reflect the defendant is making a knowing, intelligent, and voluntary decision to withdraw his not guilty pleas and enter pleas of guilt.

**{¶10}** Although the trial court never specifically stated that prison was mandatory or that Homolak was ineligible for community control sanctions, review of the record indicates that he was nevertheless subjectively aware. Based on the totality of the circumstances, we find the court substantially complied with Crim.R. 11(C)(2)(a).

**{¶11}** Homolak pleaded guilty to six different counts of rape pertaining to his two daughters over the course of several years of their childhood. The court discussed that the six counts would not merge for purposes of sentencing and that each count was punishable with a term of imprisonment ranging from 3 to 11 years in prison. His counsel indicated that they "reviewed" the plea offer multiple times, that Homolak was an "intelligent guy," who "knows what's going on," and as to his possible sentence, he "knows what the range is."

**{¶12}** Moreover, the record is devoid of any indication that Homolak would be sentenced to a community control sanction. It was never discussed. There is no indication that Homolak pleaded guilty in order to escape a prison sentence. To the contrary, due to the nature and severity of his crimes, Homolak had no basis to conclude that he would not be sentenced to prison.

**{¶13}** Homolak argues that this case is similar to *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.), a decision from this court finding that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) where the defendant did not subjectively understand he would be subject to a mandatory prison sentence for drug offenses. That panel found "nothing * * * in the record that indicates [the defendant] subjectively understood * * * he would have to serve a mandatory prison sentence * * *." *Id.* at ¶ 26. Additionally, the panel in *Tutt*, found it relevant that "[t]he offenses at issue — while very serious — were drug offenses, not the type of heinous crimes for which a defendant would have no reason to expect the imposition of community control sanctions." *Id.* at ¶ 27. For the reasons discussed, we find this case distinguishable.

**{¶14}** Because the record reflects that Homolak subjectively understood that he faced a mandatory prison sentence, we find the trial court substantially complied with Crim.R. 11(C)(2)(a), and overrule the assignment of error.

**{¶15}** While we do not require it, the trial court might consider as a better practice to avoid this and other similar appeals, the use of written plea agreements signed by the state and the defendant.   Many other trial courts find this practice useful.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
*STEPHEN A. YARBROUGH, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

*(Sitting by Assignment: Judge Stephen A. Yarbrough, retired, of the Sixth District Court of Appeals).